[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for consequential damages based on an alleged breach of a commercial lease. In this opinion, the Rogers Corporation is referred to as the plaintiff, and the Colony Corporation is referred to as the defendant.
On July 23, 1996, the court heard the trial of this matter. The court makes the following findings of fact. On October 13, 1988, Vernon Reynolds was an employee of the defendant. At that time the defendant manufactured window shades. The defendant rented warehouse space in a building owned by the plaintiff and used this space for bulk storage. The leased premises comprised portions of the first, second, and fourth floors of the building. The defendant did not lease any portion of the third floor. On that date, Reynolds was working and was injured while using the freight elevator which travelled to the various floors of the building. Reynolds sued the plaintiff, among others, and the CT Page 5119-E plaintiff eventually settled that lawsuit for $90,000.00.
The lease agreement between the plaintiff and the defendant was a written one originally signed on January 16, 1985. Subsequent written addenda extended and/or modified the original terms of the lease. An addendum, dated May 19, 1988, was in effect on the date of Reynolds' accident. This addendum incorporated the provisions of the original agreement as well as those in two earlier addenda with certain changes. Paragraph 7 of the original lease agreement required the defendant to maintain liability insurance with at lease $1,000,000.00 coverage and to name the plaintiff as an additional insured on the policy. Initially, the defendant complied with this requirement by procuring such coverage and naming the plaintiff as an insured. The defendant later switched insurance carriers and inadvertently omitted naming the plaintiff as an insured under the new policy. On October 13, 1988, the plaintiff was not an insured under the defendant's insurance policy.
The plaintiff claims that the defendant's failure to name the plaintiff as an additional insured constituted a breach of the lease agreement which deprived the plaintiff of insurance CT Page 5119-F coverage for Reynolds' claim against the plaintiff. Thus, the plaintiff seeks reimbursement of the $90,000.00 it had to pay Reynolds from its own funds. There is no dispute regarding the propriety or reasonableness of the plaintiff's settlement with Reynolds for $90,000.00.
The defendant contends that, despite its lapse under the lease agreement, the plaintiff suffered no harm because the accident occurred in a freight elevator which was outside the demised premises and, therefore, outside of the liability insurance coverage even if the plaintiff had been properly named as an insured under the policy.
The question of whether an elevator is appurtenant to leased premises is a question of fact, Girard v. Kabatznick,128 Conn. 520, 526 (1942). Factors to be considered in determining this issue are whether the lease agreement expressly provides for the use of the elevator and whether the use of the elevator was essential to the lessee's business, Id. In the present case, the use of the freight elevator was essential in order for the defendant to transfer stored material and inventory, and the CT Page 5119-G elevator was so used throughout out the rental period. Paragraph F of the May 19, 1988, addendum to the agreement specified that the defendant "shall have unrestricted use of the elevator in the warehouse" and "[i]n the event that the elevator is out of use for more than three (3) days the rent shall be abated . . ." Paragraph G of that addendum allowed the defendant to cancel a portion of the lease if the elevator was "catastrophically" disabled.
The court concludes that the elevator in question was appurtenant to the leased premises and that the omission of the plaintiff as a named insured was a breach of the lease agreement which resulted in $90,000.00 damages to the plaintiff. Consequently, the court finds for the plaintiff and determines damages to be $90,000.00.
On August 30, 1994, the plaintiff filed an offer of judgment in the amount of $90,000.00. Under C.G.S. § 52-192a(b) and P.B. § 350, the plaintiff is also entitled to interest at twelve percent per annum from that date to the present. This interest equals $20,594.64. No attorney's fees are awarded. CT Page 5119-H Judgment may enter for the plaintiff for $110,594.64 plus costs.
Sferraza, J.